```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION

                    NO.: 4:08-CV-173-H
```

| | | |
|---|---|---|
| GARY JOSEPH STODDARD and his <br> wife PATRICIA ANN STODDARD, <br><br> Plaintiffs, <br><br> v. <br><br> PLIVA USA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br>**ORDER** |

This matter is before the court on defendant's motion for reconsideration [DE #187], and plaintiffs' motion for sanctions [DE #189]. The appropriate responses have been filed. These matters are now ripe for review.

### BACKGROUND

This is a product liability case in which plaintiffs assert that plaintiff Gary Stoddard developed tardive dyskinesia, a neurological movement disorder, from his use of the prescription drug metoclopramide, the generic equivalent of Reglan®. This case was removed from Pitt County Superior Court on October 6, 2008. By order on June 24, 2009, the court decided two motions to dismiss and a motion for summary judgment, which resulted in the dismissal of three claims and two defendants

from this suit. On July 2, 2010, the dispositive motions deadline, defendant filed a motion to dismiss or for judgment on the pleadings and a motion for summary judgment, and plaintiff filed a motion for partial summary judgment. On January 11, 2011, the court granted an unopposed motion to stay further proceedings to await a Supreme Court decision. Subsequently, the parties submitted new briefs to address the Supreme Court's ruling, and provided notices of subsequent authority.[1]

On January 30, 2013, the court granted in part and denied in part defendant's motions, and denied plaintiffs' motion [DE #131]. This court's ruling was based, in large part, on the Supreme Court's decision in PLIVA, Inc. v. Mensing, 131 S. Ct. 2567 (2011).[2] The court lifted the stay, and an amended scheduling order followed, with a new dispositive motions deadline.

Defendant moved for reconsideration of the January 30, 2013, order on February 14, 2013, and that motion was denied by order on April 5, 2013 [DE #149]. As many of

---

[1] The stay was briefly lifted on October 17, 2011, and then discovery was stayed again on November 18, 2011.
[2] In Mensing, the Supreme Court held that state-law tort claims based on a generic drug manufacturer's alleged failure to warn of a drug's risks via labeling are impliedly preempted by federal law. Id. at 2577-78. The court reasoned that it is impossible for a generic drug manufacturer to comply both with federal law requiring that a generic drug label be the same as the brand-name drug label and state law imposing on manufacturers a duty to warn of its product's dangers. Id.

2

plaintiffs' claims have been dismissed in this case, that order clarified what was left of the complaint. The remaining counts, as stated in the complaint, are Count 6 for negligence, Count 14 for violation of the North Carolina Unfair Trade Practices Act, and Count 15 for loss of consortium. The bases for proving these allegations have also been narrowed, according to Mensing, to exclude any labeling conduct. Thus, plaintiffs may still argue that defendant violated state law by failing to comply with federal regulations requiring defendant to conduct post-marketing surveillance and/or report information to the Federal Drug Administration ("FDA") regarding the risks of Reglan® or its generic equivalent, metoclopramide. (See Compl. ¶¶ 73, 74.)

Defendant's motion for interlocutory appeal of the court's January 30, and April 5, 2013, orders was filed on April 23, 2013, and defendant's most recent motion for summary judgment was filed on May 1, 2013. By order on November 21, 2013, the court denied those motions. It is that November 21, 2013, order that defendant seeks the court to reconsider presently, given the Fourth Circuit opinion in Drager v. PLIVA USA, Inc., 741 F.3d 470 (4th Cir. 2014).

# ANALYSIS

## I. Motion for Reconsideration

Defendant's motion for reconsideration urges that defendants' claims in this case, like those in <u>Drager</u>, are preempted by impossibility. In <u>Drager</u>, that plaintiff brought claims for Maryland tort liability which would require a change in the generic drug's labeling or formulation, or for PLIVA to exit the market. <u>Drager</u>, 741 F.3d at 477. Those claims did not survive because their enforcement would make compliance with federal law impossible.

In this case, plaintiffs' claims have been narrowed to exclude any labeling conduct, and include only claims based upon defendant's failure to comply with federal law. Therefore, they cannot be preempted by federal law under a theory of impossibility. Thus, <u>Drager</u> is inapposite here, and defendant's motion is denied.

## II. Motion for Sanctions

Plaintiffs move for sanctions for defendant's failure to provide an insurance representative and using an assistant secretary to represent defendant during court-hosted settlement conference on February 27, 2014. Settlement negotiations were not successful. However, as defendant responds, it does not have an insurance carrier that will provide coverage for this

4

lawsuit and its assistant secretary was fully authorized to settle on behalf of plaintiff. Upon review of the record as a whole, the court deems meritless plaintiffs' motion for sanctions.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for reconsideration is DENIED [DE #187], and plaintiffs' motion for sanctions is DENIED [DE #189]. This case remains scheduled for the court's October 14, 2014, term.

This 8th day of September 2014.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#33